IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| AGRICULTURAL PRODUCTS EXTENSION, LLC | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| GRISHAM FARM PRODUCTS, INC., | ) ) ) | |
| Serve: Lexie R. Grisham<br>Registered Agent<br>7364 Newkirk Rd.<br>Mountain Grove, MO 65711 | ) ) ) ) ) ) | Case No:_____ |
| and | ) ) | |
| RICK GRISHAM, | ) ) | |
| Serve: 7334 Newkirk Rd.<br>Mountain Grove, MO 65711 | ) ) ) | |
| and | ) ) | |
| LEXIE GRISHAM, | ) ) | |
| Serve: 7335 Newkirk Rd.<br>Mountain Grove, MO 65711 | ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

**COMES NOW** Plaintiff Agricultural Products Extension, LLC, by and through its undersigned counsel, and for its Complaint against Defendants, states and avers as follows:

1

## THE PARTIES

1. Plaintiff Agricultural Products Extension, LLC ("Plaintiff") is a limited liability company organized and existing under the laws of the state of New York, with its principal place of business located in Hamburg, Erie County, NY 14075.

2. Defendant Grisham Farm Products, Inc. ("Defendant Grisham Farm Products") is a corporation organized and existing under the laws of the state of Missouri, with its principal place of business located at 7634 Newkirk Rd., Mountain Grove, Wright County, MO 65711.

3. Defendant Rick Grisham is an individual residing in Mountain Grove, Wright County, Missouri, and may be served with process at the address set forth above.

4. Defendant Rick Grisham is the Vice President of Defendant Grisham Farm Products.

5. Defendant Lexie Grisham is an individual residing in Mountain Grove, Wright, County, Missouri, and may be served with process at the address set forth above.

6. Defendant Lexie Grisham is the President of Defendant Grisham Farm Products.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), because there is complete diversity of citizenship between Plaintiff and the Defendants, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because all Defendants reside in this judicial district and in the State of Missouri.

## UNDERLYING FACTS

9. Plaintiff is a commodity merchandising company that merchandizes whole grains, feed ingredients, energy products, freight, and other commodities throughout the United States.

10. On or about May 14, 2014, Defendant Grisham Farm Products, a commodity feed business, applied to Plaintiff for a line of credit. A true and accurate copy of said application is attached hereto as Exhibit A and referred to hereafter as "Credit Application."

11. Defendant Lexie Grisham, Defendant Rick Grisham, and Annabelle Grisham signed the Credit Application in their respective capacities as President, Vice President, and Secretary and Treasurer of Defendant Grisham Farm Products.

12. Contemporaneously with the execution of the Credit Application, and in consideration for credit being extended by Plaintiff to Defendant Grisham Farm Products, Defendants Rick and Lexie Grisham executed a Personal Guarantee, guaranteeing to Plaintiff the faithful payment, when due, of all accounts of Defendant Grisham Farm Products for purchases made within five years next after the date the Credit Application was executed.

13. Pursuant to the Credit Application, in reliance upon the personal guarantees of Defendants Rick and Lexie Grisham, and at the specific instance and request of the Defendants, Plaintiff sold and delivered multiple shipments of wheat middlings on credit to Defendant Grisham Farm Products from approximately August 16, 2014 through October 7, 2015.

14. Despite written demand, Defendants have failed and refused, and continue to fail and refuse to pay for said shipments of wheat middlings.

## COUNT I – BREACH OF CONTRACT
### (AGAINST DEFENDANT GRISHAM FARM PRODUCTS, INC.)

**COMES NOW** Plaintiff Agricultural Products Extension, LLC, by and through its undersigned counsel, and for Count I of its Complaint against Defendant Grisham Farm Products, Inc., states and avers as follows:

15. Plaintiff incorporates by reference all prior paragraphs of this Complaint, as if fully set forth herein.

3

16. Plaintiff and Defendant Grisham Farm Products are businesses having the capacity to contract under the laws of their respective states of incorporation.

17. On or about May 14, 2014, Plaintiff and Defendant Grisham Farm Products entered into the Credit Application referenced above and attached hereto as Exhibit A.

18. Pursuant to the Credit Application, Plaintiff agreed to sell to Defendant Grisham Farm Products certain commodities, including wheat middlings, on credit.

19. Pursuant to the Credit Application, Defendant Grisham Farm Products agreed to pay for said commodities net thirty days from the date of invoice.

20. Plaintiff performed its obligations under the Credit Application by selling and delivering to Defendant Grisham Farm Products certain commodities, including wheat middlings, on credit from approximately August 16, 2014 through October 7, 2015.

21. Defendant Grisham Farm Products failed to perform its obligations under the Credit Application, in that it failed to pay Plaintiff the balance due for said commodities net thirty days from the date of invoice.

22. As a result of Defendant Grisham Farm Products' breach of the Credit Application, Plaintiff has suffered damages.

23. As of November 5, 2015, after all credits and offsets due to Defendant Grisham Farm Products, there remains due and owing to Plaintiff under the Credit Application the sum of Two Hundred Twenty-Six Thousand Sixty-One and 56/100 Dollars ($226,061.56), as shown in the true and accurate copy of Defendant's Statement of Account attached hereto as Exhibit B.

24. Pursuant to the Credit Application, Defendant Grisham Farm Products agreed to pay "1 ½% per month or the maximum legal rate on the unpaid balance due above net 30 days

from date of invoice and shall accrue from the due date until paid or in accordance with the highest rate allowable by law in the state of venue or by governing usury (sic) statutes."

25. Pursuant to the Credit Application, Defendant Grisham Farm Products agreed to pay any collection costs incurred to collect the account balance, including attorney's fees.

**WHEREFORE**, Plaintiff prays for judgment on Count I of its Complaint against Defendant Grisham Farm Products, Inc. in the sum of $226,061.56, together with interest thereon at the rate specified in the Credit Application; for its costs herein incurred and expended; for its reasonable attorney's fees; and for such further relief as the Court deems just and proper.

### COUNT II – SUIT ON ACCOUNT
### (AGAINST DEFENDANT GRISHAM FARM PRODUCTS, INC.)

**COMES NOW** Plaintiff Agricultural Products Extension, LLC, by and through its undersigned counsel, in the alternative and for Count II of its Complaint against Defendant Grisham Farm Products, Inc., states and avers as follows:

26. Plaintiff incorporates by reference all prior paragraphs of this Complaint, as if fully set forth herein.

27. Pursuant to the Credit Application, Defendant Grisham Farm Products requested Plaintiff to furnish certain commodities, including wheat middlings, on credit.

28. Plaintiff accepted Defendant Grisham Farm Products' request and furnished the requested commodities on credit from approximately August 16, 2014 through October 7, 2015.

29. Plaintiff's charges for said commodities sold and delivered to Defendant Grisham Farm Products are reasonable and were usual, customary, and reasonable at the time and place the commodities were sold.

30. Despite written demand, Defendant Grisham Farm Products has failed and refused, and continues to fail and refuse to pay for said commodities.

5

31. As of November 5, 2015, after all credits and offsets due to Defendant Grisham Farm Products, there remains due and owing on Defendant's account the sum of Two Hundred Twenty-Six Thousand Sixty-One and 56/100 Dollars ($226,061.56), the non-payment of which has damaged Plaintiff, as shown in Exhibit B.

32. Pursuant to the Credit Application, Defendant Grisham Farm Products agreed to pay "1 ½% per month or the maximum legal rate on the unpaid balance due above net 30 days from date of invoice and shall accrue from the due date until paid or in accordance with the highest rate allowable by law in the state of venue or by governing usuary (sic) statutes."

33. Pursuant to the Credit Application, Defendant Grisham Farm Products agreed to pay any collection costs incurred to collect the account balance, including attorney's fees.

**WHEREFORE**, Plaintiff prays for judgment on Count II of its Complaint against Defendant Grisham Farm Products, Inc. in the sum of $226,061.56, together with interest thereon at the rate specified in the Credit Application; for its costs herein incurred and expended; for its reasonable attorney's fees; and for such further relief as the Court deems just and proper.

### COUNT III – QUANTUM MERUIT
### (AGAINST DEFENDANT GRISHAM FARM PRODUCTS, INC.)

**COMES NOW** Plaintiff Agricultural Products Extension, LLC, by and through its undersigned counsel, in the alternative and for Count III of its Complaint against Defendant Grisham Farm Products, Inc., states and avers as follows:

34. Plaintiff incorporates by reference all prior paragraphs of this Complaint, as if fully set forth herein.

35. Plaintiff provided to Defendant Grisham Farm Products certain valuable services and materials, namely selling and arranging for the shipment of certain commodities, including wheat middlings, to Defendant Grisham Farm Products.

36. Defendant Grisham Farm Products acquiesced in Plaintiff's provision of such services and materials.

37. Defendant Grisham Farm Products was unjustly enriched by receiving such services and materials from Plaintiff without compensating Plaintiff for the same.

38. The services and materials had a reasonable value of approximately Two Hundred Twenty-Six Thousand Sixty-One and 56/100 Dollars ($226,061.56).

39. Despite written demand, Defendant Grisham Farm Products has failed and refused, and continues to fail and refuse, to pay the reasonable value of the services and materials supplied to Defendant Grisham Farm Products by Plaintiff.

**WHEREFORE**, Plaintiff prays for judgment on Count III of its Complaint against Defendant Grisham Farm Products, Inc. in the sum of $226,061.56, together with such interest as is allowed by law; for its costs herein incurred and expended; for its reasonable attorney's fees; and for such further relief as the Court may deem just and proper.

### COUNT IV – UNJUST ENRICHMENT
### (AGAINST DEFENDANT GRISHAM FARM PRODUCTS, INC.)

**COMES NOW** Plaintiff Agricultural Products Extension, LLC, by and through its undersigned counsel, in the alternative and for Count IV of its Complaint against Defendant Grisham Farm Products, Inc., states and avers as follows:

40. Plaintiff incorporates by reference all prior paragraphs of this Complaint, as if fully set forth herein.

41. Plaintiff conferred upon Defendant Grisham Farm Products, and Defendant Grisham Farm Products received a benefit, namely multiple shipments of certain commodities, including wheat middlings, from approximately August 16, 2014 through October 7, 2015.

7

42. Defendant Grisham Farm Products was enriched at the expense of Plaintiff, in that Plaintiff sold and delivered said commodities to Defendant Grisham Farm Products on credit, which commodities have been retained by Defendant Grisham Farm Products, and Defendant Grisham Farm Products has failed and refused to pay Plaintiff for the same.

43. It would be unjust to allow Defendant Grisham Farm Products to retain the valuable commodities delivered to it by Plaintiff without paying Plaintiff for the same.

44. The value that Defendant Grisham Farm Products was unjustly enriched at the expense of Plaintiff was approximately Two Hundred Twenty-Six Thousand Sixty-One and 56/100 Dollars ($226,061.56).

45. Plaintiff has no adequate remedy at law, and it would be inequitable to allow Defendant Grisham Farm Products to retain the benefit of Plaintiff's commodities without paying for the same.

**WHEREFORE**, Plaintiff prays for judgment on Count IV of its Complaint against Defendant Grisham Farm Products, Inc. in the sum of $226,061.56, together with such interest as is allowed by law; for its costs herein incurred and expended; for its reasonable attorney's fees; and for such further relief as the Court may deem just and proper.

### COUNT V – PERSONAL GUARANTEE
### (AGAINST DEFENDANTS RICK GRISHAM AND LEXIE GRISHAM)

**COMES NOW** Plaintiff Agricultural Products Extension, LLC, by and through its undersigned counsel, and for Count V of its Complaint against Defendant Rick Grisham and Defendant Lexie Grisham states and avers as follows:

46. Plaintiff incorporates by reference all prior paragraphs of this Complaint, as if fully set forth herein.

47. On or about May 14, 2014, Defendant Grisham Farm Products applied to Plaintiff for a line of credit by executing the Credit Application.

48. Defendant Lexie Grisham, Defendant Rick Grisham, and Annabelle Grisham signed the Credit Application in their respective capacities as President, Vice President, and Secretary and Treasurer of Defendant Grisham Farm Products.

49. Contemporaneously with the execution of the Credit Application, and in consideration for credit being extended by Plaintiff to Defendant Grisham Farm Products, Defendants Rick and Lexie Grisham executed the personal guarantees in Exhibit A, guaranteeing to Plaintiff the faithful payment, when due, of all accounts of Defendant Grisham Farm Products for purchases made within five years next after the date the Credit Application was executed.

50. Defendants Rick Grisham and Lexie Grisham executed and unconditionally delivered said personal guarantees to Plaintiff.

51. Defendants Rick Grisham and Lexie Grisham expressly waived "all notice of acceptance of [their guarantees], notice of extension of credit to [Defendant Grisham Farm Products], presentment, and demand for payment on [Defendant Grisham Farm Products], protest and notice to [Defendants Rick Grisham and Lexie Grisham] of dishonor or default by [Defendant Grisham Farm Products] or with respect to any security held by [Plaintiff] extension of time of payment to [Defendant Grisham Farm Products], acceptance of past payment or partial compromises, and all other notices to which [Defendants Rick Grisham and Lexie Grisham] might otherwise be entitled and demand for payment under [their respective guarantees]."

52. Plaintiff relied upon the personal guarantees of Defendants Rick Grisham and Lexie Grisham in extending credit to Defendant Grisham Farm Products on multiple occasions from approximately August 16, 2014 through October 7, 2015.

53. Defendant Grisham Farm Products has failed and refused, and continues to fail and refuse, to pay the sums due under the Credit Application.

54. After all credits and offsets due to Defendant Grisham Farm Products, there remains due and owing from Defendant Grisham Farm Products to Plaintiff the sum of Two Hundred Twenty-Six Thousand Sixty-One and 56/100 Dollars ($226,061.56), as shown by Exhibit B.

55. All conditions precedent to the enforcement of the personal guarantees of Defendants Rick Grisham and Lexie Grisham have been performed.

56. Defendants Rick Grisham and Lexie Grisham, as personal guarantors of the sums owed by Defendant Grisham Farm Products pursuant to the Credit Application, owe Plaintiff the sum of Two Hundred Twenty-Six Thousand Sixty-One and 56/100 Dollars ($226,061.56).

57. Defendants Rick Grisham and Lexie Grisham, as personal guarantors of the sums owed by Defendant Grisham Farm Products pursuant to the Credit Application, are responsible for interest on said unpaid balance at the rate specified in the Credit Application.

58. On or about November 12, 2015, Plaintiff made written demand upon Defendants Rick and Lexie Grisham for the sums owed to Plaintiff by Defendant Grisham Farm Products, true and accurate copies of which are attached hereto as Exhibits C and D, respectively.

59. Defendants Rick Grisham and Lexie Grisham, as personal guarantors of the sums owed by Defendant Grisham Farm Products pursuant to the Credit Application, are responsible for Plaintiff's costs and attorney's fees incurred in collecting said sums.

**WHEREFORE**, Plaintiff prays for judgment on Count V of its Complaint against Defendant Rick Grisham and Defendant Lexie Grisham, jointly and severally, in the sum of $226,061.56, together with interest thereon at the rate specified in the Credit Application; for its

costs herein incurred and expended; for its reasonable attorney's fees; and for such further relief as the Court deems just and proper.

>
> Respectfully submitted,
>
> LOWTHER JOHNSON
> Attorneys at Law, LLC
>
> By: */s/ Glenn P. Green*
> Glenn P. Green
> Missouri Bar No. 40921
> ggreen@lowtherjohnson.com
>
> By: */s/ Aaron Klusmeyer*
>
> Aaron M. Klusmeyer
> Missouri Bar No. 63006
> aklusmeyer@lowtherjohnson.com
>
> 901 St. Louis Street, 20th Floor
> Springfield, MO 65806
> Telephone: 417-866-7777
> Facsimile: 417-866-1752